May it please the court. Your Honor, it's John Safer appearing on behalf of Appellant Damian Rivera. Your Honor, this case presents two distinct instances of reversible error. I'll deal with the simplest and most direct first. The district court in this case erred in determining that Rivera's count three claim on his appeal or on his complaint was administratively not exhausted. The Eli State Prison inmate grievance procedure provides four levels of review. But the fourth level of review is expressly limited to emergencies and to inmate grievances that challenge general policy of the prison. Could you tell me, as I recall, there were only two claims, the first and the third. No second? The second, I believe, was voluntarily withdrawn by Rivera because the complaint that he was using was a standard form complaint. It was simply easier to leave count two blank than copy all of count three onto count two. So basically the first one is for letting him get beaten up and the third one is for destroying his legal papers. Correct, Your Honor. And the first one, he did go through all four levels. What happened when he got to the fourth level on the first one?  He received a statement by prison official Adam Endell stating that his review was not or the particular grievance was not appealable to the fourth level because it did not challenge a general policy or procedure of the prison. Could you tell me where it is in the excerpt? That would be tab E 5, Your Honor, of the appellant's excerpt to the record. I'm thinking that one's no more appropriate for the fourth level than  No, it was not, Your Honor. And I think that that is an instance in which Mr. Rivera was attempting to exhaust his administrative remedies but did not realize that his count one claim did not qualify for a fourth level review either. Okay. So basically what they told him when he took the grievance for letting him get beaten up to the fourth level is they said that it's not appropriate for the fourth level. Exactly. It would not be processed for a fourth level. Exactly, Your Honor. And I realize the state has their arguments with respect to the count three grievance actually that they alleged that he might be challenging a general policy and procedure of the prison. Actually, Your Honor, there's evidence that the prison officials that were in charge, in fact, Mr. Endell did not believe so. And that would be tab Was there some policy that he was challenging of generally destroying legal papers or was he just saying why did you destroy my legal papers? Exactly. That's exactly what he was saying. He was saying why did you take my legal papers and destroy them? And I don't think that this policy was challenging a general procedure. In fact, if it was, the Could I see the way it's worded? It sounded as though it had the word policy in it. It might be a little ambiguous. Sure. Your Honor, the grievance starts actually on page E1 and I think that the best way to interpret what Mr. Rivero is saying is he's questioning, he's asking for an answer as to under what policy or procedure the prison officials confiscated his materials, what was the And he never obtained an answer to that. So I think, but as you can see, Your Honor, plainly This guy's stuff is hard to read. It looks like one is about grievance one. And I might have not phrased my question correctly. What I wanted to see is the way he put his grievance about the papers. Your Honor, then I would direct you to G1. G1. And if you notice, Your Honor, there's no particular policy cited. He's not he hasn't cited any challenge to a particular statute or sites of policy. He's simply just questioning why were prison officials allowed to confiscate my materials. So if Your Honor accepts the analogy. Why did they take my papers? Right. If Your Honor accepts the analogy, it's an as-applied challenge here. And he's looking for some type of justification. Counsel, what's bothering me in this case is the in-play statute of limitations that may be involved. If we say that an exhausted claim can be thrown out by the district court and leave the exhausted claim and the fee that's been paid to file covers and the claim goes forward. If we throw the whole case out, take the statute very literally, and say no cause can be filed, and we have to throw both claims out, then we have one go out and it may be up close to the statute of limitations and then it's barred by the statute of limitations. And we have to look at the statute of limitations and say, well, we can't do that. Your Honor, and I agree. I agree with that. How do you get around the language of the statute which talks about the filing? That's what we're supposed to look at and throw the whole thing out if one claim is not exhausted. Focus on the word action. Your Honor, I would say I believe that the statute as a whole, no action shall be brought with respect to prison conditions. If you look at the statute as a whole, the statute 1997EA through C definitely makes a distinction between an action and a claim. And while it addresses the difference between an action and a claim in the context of a frivolous lawsuit, it does not give specific direction as to what to do. It doesn't talk about frivolous. It talks about an exhausted claim. Well, and, Your Honor, I would focus you on Frivolous? You fail to comply with the requirements of the statute? Well, I would focus to 1997C or EC, which does talk about frivolous. And I would direct Your Honors to the analysis of the Well, frivolous claim is totally meritless. I'm not too worried about those being barred by the statute of limitations. In fact, it would be a good idea, from my perspective. You see, what's going to happen here, some of these prisoners may have 25 different cases they want to bring. And they're going to have statute of limitations at varying times. They don't have the money to file 25 civil rights cases or claims. So what are they going to do? Come in and perform a paupers petition? Is there going to be more work for the more motions? As a policy justification. Well, as a policy justification, I would say, I would suggest that it would be just as easy simply to sever the exhausted claim from the unexhausted claim, allow the exhausted claim to continue. And in this case, Your Honor, this exhausted claim, count one, even the prison officials have determined that it has merit to it. What authority do you have for that proposition? I would direct Your Honor to tab I-4 of the record. And I would the conclusion reached by the investigating officer, Tony Jones in this case, indicate that it was, that his injuries were sustained due to officer error. So I would reserve the balance of my time. Let's hear from the government. Good morning, Your Honors. Andrea Nichols on behalf of the State of Nevada and the defendants' appellees in this action. Counsel, that report in I-4 was really striking, and there are one or two other reports in there that are to the same effect. Was this some kind of setup? Has there been some investigation of the guards? Yes, Your Honor, there was an investigation completed. Unfortunately, I don't think that there really was a setup. I think we had two new correctional officers. Well, Pritchett and Allen were both really new, and they did find that the door that the attacker came in through had a malfunctioning light on it, so it showed that it was secure when in fact it was not. Defendant Nixon was in the control bubble, and they did say that he should have acted quicker. First off, he was the supervising officer, and he may not have been supervising the other two adequately. But they did investigate. They did investigate it, and I believe that's also in the report that Mr. Saffer pointed to, that Nixon gave three verbal warnings before firing, and that's what they did. Let me ask you about something else now. I'm thinking the legal issues are difficult, and I'm wondering why we shouldn't just avoid deciding the difficult legal issues about exhaustion, because both claims are individual challenges rather than challenges to policy. He's not trying to get any policies changed the way our test cases sometimes do. All he's trying to do is get a remedy for his particular beating and his particular loss of his legal papers. They told him on the first claim when he went to level four, they didn't say we're deciding it against you. They said your claim is not appropriate for level four. And his second claim, the papers claim, seems just the same as the first. I'm thinking he did exhaust both claims by going through level three. He took the first claim to level four, the beating claim, and they said you're in the wrong place. You can't come here for individual grievances like this. This is just for policy disputes. And so the second one, being also an individual grievance and not a policy dispute, he didn't take there, and he wasn't supposed to. It looks like he did exhaust, and we don't have to decide what happens when one's exhausted and one's not. What's the matter with that reasoning? Well, Your Honor, I think if Mr. Rivera hadn't admitted that he did not exhaust all levels with respect to his third claim for relief, we probably would not be here today. If you look actually at his... I don't think he's conceded that he had a duty to go to level four on the papers claim. I thought his brief made it clear he didn't think he had to go to level four. Actually, Your Honor, there's several places in the record where Mr. Rivera admits that he did not exhaust all administrative remedies with respect to level three. Just quickly, my first argument in that regard is that it's not clear from the face of the grievance that he's not challenging policy or procedure and that it would not be appropriate for level four review. And you can look at the excerpts of the record beginning on page 87. 87? I read the grievance in... 87 or A7? Beginning on page 87 of Helen's excerpts of record. Also, just to clarify, with respect to his first claim for relief, he filed two grievances and did appeal and did seek fourth level review of both of those grievances. Then I would point out... Wait a minute. The first one here, what they tell him is your grievance is not challenging or questioning general policy or procedure of the institution or facility. Therefore, it will not be in response. And then his second grievance says... It's kind of illiterate. It's a little hard to read, but it basically says, why'd they take my papers? Well, actually, Your Honor, there are two grievances with respect to his first claim. And both of those grievances, he did receive the same response, saying that your grievance is not challenging or questioning general policy or procedure. The responses to both of his grievances with respect to the first claim for relief, the fourth level response is at Appellant's excerpts of record 79 and again at 84. So twice, with respect to his first claim for relief, he sought fourth level review. With respect to the third claim, he asks, I have a question. What was the justification? Then he goes on to ask, what was the policy? He goes on and complains about that they deprived him of his property and legal materials. And then under remedy sought, he says, I have a simple question. Which was the justification? And then the Xerox cuts off part of the word, and it's hard to read. And then it says, I was deprived of my property and legal materials for 24 hours because a shakedown don't take 24 hours. And I think the staff deprived me of my property and legal materials for 24 hours to harass me and in violation of my constitutional rights. That's the whole thing. I can't see where he's asking for a change of policy. It may be that he was seeking an explanation that could have been given to him at the fourth level of review. It may be that he would get the same response that he got to his other two grievances. But he didn't seek that review. Counsel, listen to me a minute. I can understand when people ask for a change of policy. Like, you're opening outgoing mail. I can see why you open incoming mail. I want a change of policy. You should not open outgoing mail. So it has to go to the fourth level. On this, I don't understand how you can read this to say he's asking for a change of policy. How do I read it that way? He asks for an explanation. And he may or may not have been able to get that at the fourth level. But the fact remains that he did not seek fourth level review. And he admitted this first off in his opposition to the motion for summary judgment. I point you to our excerpts of record at page 95. He also, in his objection to the report and recommendation of the magistrate, which begins at excerpts of record 407, at EOR 414, he admits in an affidavit that he didn't exhaust administrative remedies. Counsel? I don't have all these excerpts in front of me because they're too voluminous for me to carry. I want to have a candid answer from you. Does he admit that he did not go to the fourth level? Or does he admit that he was obligated to go to the fourth level and failed to? He admits that he did not exhaust. And he admits that in his brief that he filed with this court, his first informal brief before the court appointed him counsel, on page 5 of that, he admits he says he wants to explain why he did not appeal through all levels, but he says, he admits that he exhausted with respect to count one, but he didn't exhaust with respect to count three. And the trial court simply just took that as a given? Is that what you're saying? Yes, Your Honor. He didn't address it in his, really in his opposition, but he did later on when he objected to the report and recommendation of the magistrate, he admitted that he didn't exhaust administrative remedies with respect to count three, and he sought to explain why he did not. But it's clear from the record that he didn't seek fourth level review. Are we at liberty to take a look at that and determine that, as a matter of law, we conclude that, yes, he did exhaust? I believe so, with so many places in the record where Mr. Rivero himself admits that he did not exhaust with respect to count three. But that's still subject to our review. We can decide if we are so persuaded that notwithstanding his admissions that, in fact, as a practical matter, he did exhaust. It's not the answer you would like, I know, but I'm trying to find out, is it, as a procedural matter at this point, can we make that determination, or do we have to send it back? Well, I don't think it was raised in the court below. Okay. In other words, he didn't preserve that issue? Yes, Your Honor. Thank you very much. Your time has expired. Mr. Saffer, you have a little bit of time left. Three quick points, Your Honor. First, he did file two grievances with respect to his count one claim. The prison told him to wait until the investigation was complete and refile his grievance, and that's why he filed two. Second, Rivero did argue, and you can see in his objection to the report and recommendation of the magistrate, which is tab K, he did argue that there were no further remedies available under the grievance system. He is simply adopting this terminology of exhaustion because that's what's being foisted upon him by the district court and by the prison officials. In other words, that's not a waiver or a concession? It's not a concession, and it's certainly, if you take a look at the affidavit of Adam Endell, Mr. Endell never states that he exhausted his administrative revenues. It only states that he did not appeal to the fourth level. Your Honor, exhaustion is an affirmative defense, and as you can see, and that's the Wyatt case, that's 315 F. 3rd, 1108. Finally, Your Honor, the PLRA worked in this instance. We have a complete record here, and we can make this determination, and that proves the fact that Mr. Rivero has gone through his administrative remedies and has made a record, and that is one of the cornerstones of the PLRA in addition to reducing the quantity and improving the quality. Thank you, Your Honor. The case just argued will be submitted for decision, and we will hear argument in the first of three karmic amendment cases, Hall v. North American Van Lines. Counsel, thank you for accepting appointment for the court. Thank you. Just a moment, counsel. Counsel, you may proceed. Good morning, Your Honor.
judges: Beezer, O'scannlain, Kleinfeld